## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LEWIS WEDSTON,

     PLAINTIFF,

       v.

CITY OF CHICAGO, DEFENDANT
OFFICERS M. ALI, #7241, L.
SHVARTSER, #17223, and L.
FERRERAS, #13739,

     DEFENDANTS.

Case No 15-cv-5965

Judge Kocoras

## AMENDED COMPLAINT AT LAW

NOW COMES PLAINTIFF LEWIS WEDSTON, by and through one of his attorneys, Jared Kosoglad, Esq., of The Blake Horwitz Law Firm, Ltd., and pursuant to this Amended Complaint at Law, states as follows against the DEFENDANTS, CITY OF CHICAGO, OFFICER M. ALI, OFFICER L. SHVARTSER, and OFFICER L. FERRERAS:

## JURISDICTION

1.  The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.    PLAINTIFF WEDSTON is an African-American male who is a resident of Chicago, Illinois, and of the United States.

3.    DEFENDANT OFFICER M. ALI, DEFENDANT OFFICER L. SHVARTSER, and DEFENDANT OFFICER L. FERRERAS (collectively, "DEFENDANT OFFICERS"), were at all times relevant to this Complaint duly-appointed and sworn law enforcement officers for the DEFENDANT CITY OF CHICAGO ("CITY OF CHICAGO").

4.    When DEFENDANT OFFICERS engaged in the conduct alleged in this Complaint, they were acting in the course and scope of their employment, while on duty, and as agents of the DEFENDANT CITY OF CHICAGO.

5.    At all times material to this Complaint, DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the DEFENDANT CITY OF CHICAGO.

6.    This action is brought against DEFENDANT OFFICERS in their individual capacities.

7.    Pursuant to 745 ILCS 10/2-302, DEFENDANT CITY OF CHICAGO is a duly constituted local public entity and is liable for any judgments entered against DEFENDANT OFFICERS arising in the course of their employment.

## FACTS

8.    On July 25, 2013, PLAINTIFF was standing outside of Michael Baker's van at or near 3602 West Grenshaw Street, Chicago, IL 60624.

- 2 -

9.      On July 26, 2013, the DEFENDANT OFFICERS arrived in a police vehicle and parked near PLAINTIFF.

10.     One or more DEFENDANT OFFICERS jumped out of the police vehicle, grabbed PLAINTIFF, and slammed PLAINTIFF against Michael Baker's van.

11.     All individual DEFENDANT OFFICERS approached PLAINTIFF.

12.     One or more DEFENDANT OFFICERS then proceeded to search PLAINTIFF'S person several times absent probable cause.

13.     One or more DEFENDANT OFFICERS then performed a take-down of PLAINTIFF.

14.     PLAINTIFF was not physically resisting the DEFENDANT OFFICERS when one or more DEFENDANT OFFICERS performed a take-down of PLAINTIFF.

15.     One or more DEFENDANT OFFICERS held PLAINTIFF'S arm behind PLAINTIFF'S back.

16.     One or more DEFENDANT OFFICERS verbally threatened PLAINTIFF that he would break his arm if PLAINTIFF did not stop talking.

17.     PLAINTIFF offered no physical resistance.

18.     One or more DEFENDANT OFFICERS pulled PLAINTIFF'S arm and popped PLAINTIFF'S shoulder out of its socket, causing injury.

19.   One or more DEFENDANT OFFICERS were aware of the force being used, had the capacity to intervene in the unlawful use of force against PLAINTIFF, and failed to do so.

20.   DEFENDANT OFFICERS arrested Plaintiff absent probable cause.

21.   DEFENDANT OFFICERS arrested Plaintiff absent lawful justification.

22.   On July 25, 2013, PLAINTIFF did not:

       a.   Obstruct any of the DEFENDANT OFFICERS;

       b.   Strike any of the DEFENDANT OFFICERS;

       c.   Batter any of the DEFENDANT OFFICERS;

       d.   Violate a law in the presence of any of the DEFENDANT OFFICERS;

       e.   Violate a law at any time; or

       f.   Use force directed at or against any of the DEFENDANT OFFICERS.

23.   The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS was unreasonable.

24.   On July 25, 2013, PLAINTIFF did not commit an act contrary to the laws of the State of Illinois, nor was he at any time the focus or subject of a criminal investigation.

25.   On July 25, 2013, DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to PLAINTIFF.

26.     To cover up for the unlawful use of force, DEFENDANT OFFICERS, without probable cause or any other lawful basis, initiated and/or caused to be continued charges of aggravated assault of a police officer and resisting arrest against Plaintiff.

27.     In order to initiate and cause the criminal charges against Plaintiff to continue, Defendants authored and/or approved false police reports, false complaints, and a false narrative of events.

28.     The charges against Plaintiff were dismissed in Plaintiff's favor in a manner consistent with Plaintiff's innocence.

29.     As a direct and proximate result of the acts or omissions of one or more DEFENDANT OFFICERS, alleged above, PLAINTIFF suffered damages including, but not limited to, permanent physical injury, pain and suffering, humiliation, mental anguish, emotional distress, and financial loss.

## COUNT I
## Excessive Force against one or more Individual DEFENDANT OFFICERS
## (42 U.S.C. § 1983 and the Fourth Amendment)

30.     PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

31.     One or more DEFENDANT OFFICERS violently slammed PLAINTIFF against the parked van, and performed a take-down of PLAINTIFF. During this takedown, PLAINTIFF'S head hit the concrete and his shoulder was pulled out of its socket.

32.     The actions by one or more DEFENDANT OFFICERS directly and proximately caused PLAINTIFF to suffer, physical injury, pain and suffering, humiliation, emotional distress, and mental anguish.

WHEREFORE, PLAINTIFF respectfully requests that this Court enter Judgment in his favor and against one or more DEFENDANT OFFICERS and award compensatory and punitive damages, costs and attorney's fees.

<u>COUNT II</u>
<u>Unreasonable Search and Seizure against the DEFENDANT OFFICERS</u>
<u>(42 U.S.C. § 1983 and the Fourth Amendment)</u>

33.     PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

34.     On or about July 25, 2013, one or more DEFENDANT OFFICERS stopped and detained PLAINTIFF without a reasonable suspicion to investigate possible criminal activity and without reasonable suspicion that PLAINTIFF had committed, was committing, or was going to commit any criminal act.

35.     The conduct of the DEFENDANT OFFICERS, alleged above, constituted an unreasonable seizure in violation of the Fourth Amendment to the United States Constitution

36.     The actions of the DEFENDANT OFFICERS directly and proximately caused PLAINTIFF to suffer, without limitation, physical injury, pain and suffering, humiliation, emotional distress, mental anguish, and financial loss.

WHEREFORE, PLAINTIFF requests that this Court enter Judgment in his favor and against DEFENDANT OFFICERS, individually, and award compensatory

and punitive damages, court costs, attorney's fees, and such other relief that this Court deems just and equitable.

## COUNT III
### False Arrest Claim against the DEFENDANT OFFICERS
### (42 U.S.C. § 1983 and the Fourth Amendment)

37.     PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

38.     On or about July 25, 2013, DEFENDANT OFFICERS arrested, participated in, and/or caused the arrest of PLAINTIFF without probable cause to believe that PLAINTIFF committed, was committing, or was going to commit any criminal act.

39.     The actions of DEFENDANT OFFICERS were the direct and proximate cause of the injuries that PLAINTIFF sustained, as DEFENDANT OFFICERS acted with reckless disregard of PLAINTIFF'S clearly established constitutional rights, alleged above.

WHEREFORE, PLAINTIFF requests that this Court enter Judgment in his favor and against DEFENDANT OFFICERS, individually, and award compensatory and punitive damages, court costs, attorney's fees, and such other relief that this Court deems just and equitable.

## COUNT IV
### Failure to Intervene against One or More DEFENDANT OFFICERS
### (42 U.S.C. § 1983 and the Fourth Amendment)

40.     PLAINTIFF re-alleges paragraphs 1-26 as though fully set forth herein.

41. One or more DEFENDANT OFFICERS failed to intervene when one or more other DEFENDANT OFFICERS used unreasonable force against PLAINTIFF, as alleged above, even though PLAINTIFF was not interfering with the DEFENDANT OFFICERS in the performance of their duties, and posed no threat to himself, the DEFENDANT OFFICERS, or anyone else.

42. One or more DEFENDNAT OFFICERS knew that one or more DEFENDANT OFFICERS were about to use unreasonable force against PLAINTIFF, and had an opportunity to prevent the harm to PLAINTIFF from occurring, but failed to take steps to prevent the harm from occurring.

43. The aforementioned actions of one or more DEFENDANT OFFICERS was the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from one or more DEFENDANT OFFICERS and also demands punitive damages, costs and attorney's fees against the individual DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT V
## Indemnification against the CITY OF CHICAGO
## (745 ILCS 10/9-102)

44. PLAINTIFF re-alleges paragraphs 1-40 as though fully set forth herein.

45. DEFENDANT OFFICERS committed the acts alleged above under color of law, while on duty, and in the scope of their employment by DEFENDANT CITY OF CHICAGO

- 8 -

WHEREFORE, should DEFENDANT OFFICERS be found liable for any of the claims alleged in this Complaint, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, DEFENDANT CITY OF CHICAGO pay to PLAINTIFF any judgment obtained against DEFENDANT OFFICERS as a result of this action.

## COUNT VI
## MALICIOUS PROSECUTION AGAINST ALL DEFENDANTS

46.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

47.     By the actions detailed above, the individual defendants knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

48.     The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and/or in the employ of defendant City, and while acting within the scope of this employment.

49.     As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, lost time, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action, and any such other and further relief as this Court deems equitable and just.

## <u>JURY DEMAND</u>

PLAINTIFF demands trial by jury.


Respectfully submitted,

**<u>/s/ Jared Kosoglad</u>**
One of the Attorneys
for Plaintiff Lewis Wedston




Jared Kosoglad, Esq.
**The Blake Horwitz Law Firm, Ltd.**
111 West Washington, Suite 1611
Chicago, Illinois 60602
Telephone: (312) 676-2100
Facsimile: (312) 445-8741